Donald A. Robinson
Keith J. Miller
ROBINSON & LIVELLI
2 Penn Plaza East, 11th Floor
Newark, NJ 07105
(973) 690-5400

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Attorneys for Plaintiff
Cordis Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORDIS CORPORATION ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ABBOTT LABORATORIES and ABBOTT ) <br> CARDIOVASCULAR SYSTEMS, INC., ) <br> ) <br> Defendants. ) | Civil Action No. 3:07-cv-02265-JAP-TJB <br><br> **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> *Document Filed Electronically* |

Plaintiff Cordis Corporation, by its attorneys, alleges as follows:

## THE PARTIES

1.  Plaintiff Cordis Corporation ("Cordis"), 33 Technology Drive, Warren, New Jersey, is a Florida corporation with a principal place of business in Warren, New Jersey. Cordis also has facilities in Clark, New Jersey. Cordis is a pioneer in developing invasive treatments for vascular disease, including the CYPHER® drug-eluting stent, a drug/device combination for the treatment of coronary artery disease.

2. Upon information and belief, Defendant Abbott Laboratories, 100 Abbott Park Road, North Chicago, IL 60064, is an Illinois corporation with a principal place of business in Illinois.  Upon information and belief, Defendant Abbott Cardiovascular Systems, Inc. is a corporation organized under the laws of the State of California and has a principal place of business at 3200 Lakeside Drive, Santa Clara, California.  Upon information and belief, Abbott Cardiovascular Systems in a subsidiary of Abbott Laboratories.  Abbott Laboratories and Abbott Cardiovascular Systems, Inc. will be collectively referred to herein as "Abbott."

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Cordis's patent infringement claims under 28 U.S.C. § 1331 and 1338(a).

4. This Court has personal jurisdiction over Abbott.  On information and belief, Abbott has systematic and continuous contacts in this judicial District, regularly transacts business within this judicial District, and regularly avails itself of the benefits of this judicial District.  For example, Abbott is registered to do business in New Jersey, and has facilities located in this District, including in East Windsor, Cranbury, South Brunswick, Edison, Whippany, and Parsippany, New Jersey.  On information and belief, Abbott also has numerous employees in this District, derives substantial revenues from its business operations and sales in this district, and pays taxes in New Jersey based on revenue generated in this District.  On information and belief, Abbott also sells and distributes medical devices in this District, including vascular devices.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

6. Abbott is the manufacturer of a drug-eluting stent named XIENCE V Everolimus Eluting Coronary Stent System ("XIENCE V stent").  Abbott has manufactured thousands of XIENCE V products in the United States for sale in Europe and Asia.  Abbott launched the XIENCE V stent in Europe and the Asia Pacific regions in 2006.

7. On May 15, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,217,286, entitled "Local Delivery of Rapamycin For Treatment of Proliferative Sequelae Associated With PTCA Procedures, Including Delivery Using a Modified Stent" (the "'286 patent"). The '286 patent issued to Robert Falotico and Gerard H. Llanos, and is assigned to Cordis. Cordis holds all right, title and interest in and to the '286 patent.

8. Abbott has been and is performing acts covered by the claims of the '286 patent, including making and/or using the XIENCE V stent in the United States for sale in Europe and Asia.

9. At present, there are only two companies marketing in the United States drug eluting stents – Cordis and Boston Scientific Corporation. Abbott has publicly announced that it plans to seek approval from the United States Food and Drug Administration in the second quarter of 2007 to sell the XIENCE V stent in the United States. Abbott has also publicly announced that, assuming it receives regulatory approval, it plans to launch the XIENCE V stent in the United States in the first half of 2008. Upon its launch in the United States, the XIENCE V stent will compete directly with Cordis's CYPHER stent, reducing Cordis's market share and causing irreparable harm to Cordis.

10. This action is related to Case Nos. 3:07-cv-02477-JAP-TJB, 3:07-cv-02728-JAP-TJB, and 3:07-cv-05636-JAP-JJH, which were filed on May 29, 2007, June 12, 2007, and November 27, 2007 respectively, in this judicial district by Cordis against Abbott. In those actions, Cordis alleged that Abbott was liable for infringement of other Cordis patents (specifically U.S. Patent No. 7,223,286, U.S. Patent No. 7,229,473, and U.S. Patent No. 7,300,662) by making and/or using the XIENCE V stent in the United States. This action is also related to Case No. 3:08-cv-00230-JAP-JJH, which was filed on January 11, 2008 in this judicial district by Plaintiffs Cordis and Wyeth against Abbott. In that action, Plaintiffs alleged that Abbott was liable for infringement of U.S. Patent No. 5,516,781, U.S. Patent No. 5,563,146, and U.S. Patent No. 5,665,728 by making and/or using the XIENCE V stent in the United States.

## COUNT I:  INFRINGEMENT OF THE '286 PATENT

11. Cordis realleges paragraphs 1-10 above as if fully set forth herein.

12. Abbott is infringing the '286 patent in violation of 35 U.S.C. § 271, including by making and/or using the XIENCE V stent in the United States.

13. Abbott had and has actual notice of the '286 patent, and is infringing the '286 patent with knowledge of Cordis's patent rights.  Abbott's actions are willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Cordis prays for the following relief against Abbott:

1. For judgment in favor of Cordis that Abbott is infringing Cordis's patent;

2. For a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 prohibiting Abbott from making, using, selling, or offering for sale the infringing products in the United States;

3. For an award of damages for Abbott's infringement of Cordis's patent, together with interest (both pre-and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. § 284;

4. For a determination that Abbott's infringement is willful, and an award of treble the amount of damages and losses sustained by Cordis as a result of Abbott's infringement, under 35 U.S.C. § 284;

5. For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Cordis of its reasonable attorneys' fees; and

6. For such other and further relief in law or in equity to which Cordis may be justly entitled.

## DEMAND FOR JURY TRIAL

Cordis demands a trial by jury of any and all issues triable of right before a jury.

Dated: February 8, 2008.	By:

*s/Donald A. Robinson*_____
Donald A. Robinson
Keith J. Miller
ROBINSON & LIVELLI
2 Penn Plaza East, 11th Floor
Newark, NJ 07105
(973) 690-5400
    -and-

David T. Pritikin
William H. Baumgartner, Jr.
Russell E. Cass
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000

ATTORNEYS FOR PLAINTIFF CORDIS CORPORATION